UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN R.,[1]

            Plaintiff,

v.                                          Civil No. 2:22cv47

KILOLO KIJAKAZI,
Acting Social Security Commissioner,

            Defendant.

## OPINION AND ORDER

Plaintiff, John R. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits and supplemental security income under Title II of the Social Security Act. Before the Court are: (1) cross-motions for summary judgment; (2) the Report and Recommendation ("R&R") of the United States Magistrate Judge; (3) Plaintiff's objections to the R&R; and (4) Defendant's response to Plaintiff's objections. For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's R&R in its

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

entirety, ECF No. 21; **DENIES** Plaintiff's motion for summary judgment, ECF No. 15; and **GRANTS** Defendant's motion for summary judgment, ECF No. 18.

## I. Procedural Background

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to a United States Magistrate Judge for an R&R. On December 22, 2022, the Magistrate Judge assigned to this case issued a detailed R&R recommending that Plaintiff's motion for summary judgment be **DENIED**, and that the Commissioner's cross-motion for summary judgment be **GRANTED**. ECF No. 21.

By copy of the R&R, each party was advised of the right to file written objections, and on January 5, 2023, the Court received Plaintiff's Objections to the R&R. ECF No. 22. The Commissioner filed its response on January 13, 2023. ECF No. 23.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." However, where a party briefly restates the same arguments it raised on summary judgment, de novo review is unnecessary since such restatements do not "constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D.

Va. 2015) (citations omitted).  In situations where no proper objection is made, the district court need only review the report and recommendation for clear error.  See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing a final administrative decision, a district court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (alteration in original) (citation omitted).  Substantial evidence refers to "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Stated another way, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted).  Further, it is not the place of the reviewing court to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id.

### III. Discussion

Plaintiff offers two objections to the R&R: (1) the Magistrate Judge erred in concluding that the ALJ properly assessed the medical opinion of Plaintiff's treating physician,

3

Dr. William McDaniel, M.D., and (2) the Magistrate Judge improperly found that the ALJ committed "no error in failing to order a consultative examination" ("CE") to more adequately develop the record. ECF No. 22, at 1, 3. Plaintiff argues that the severity of these legal errors support remand. ECF No. 4.

As a preliminary matter, the Court finds that de novo review is warranted in this matter. As argued by the Commissioner, Plaintiff's objections to the R&R closely resemble the arguments that he advanced in prior briefing, suggesting that this Court could review the R&R under a "clear error" standard. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-46 (W.D. Va. 2008) (rejecting the plaintiff's "reformatting" of an earlier summary judgment brief into an "objection" to the R&R, noting the waste of judicial resources if the district court is called upon to perform an identical task to the magistrate judge (citing United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007))). However, in light of Plaintiff's new assertion that the Magistrate Judge misapplied the Social Security Administration regulations ("SSA regulations") when evaluating the ALJ's decision, this Court conducts a de novo review of the objected-to portions of the R&R and a "clear error" review of all other portions.

## A. Applicable Regulations

Pursuant to 20 C.F.R. § 404.1520(a), an ALJ is required to follow a "five-step sequential evaluation" when assessing a

4

plaintiff's claim for disability benefits. <u>Mascio v. Colvin</u>, 780 F.3d 632, 634 (4th Cir. 2015). Section 404.1520(a) describes this process in detail, and requires an ALJ to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) the severity of the claimant's medically determinable physical and mental impairments; (3) whether the claimant has an impairment that meets or equals one of the Social Security Administration's listings of official impairments; (4) whether an impairment prevents the claimant from performing any past relevant work in light of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can make adjustment to employment other than any past relevant work in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a).

For disability claims filed on or after March 27, 2017 (such as Plaintiff's), an ALJ must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," including the opinion of a claimant's treating physician. 20 C.F.R. § 404.1520c(a). Rather, when assessing any medical opinion, the ALJ must consider five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors (including "familiarity with [the] other evidence in [the] claim"). <u>Id.</u> § 404.1520c(c). Although an ALJ must consider all of these factors

in making a disability determination, the ALJ need only specifically articulate the assessment of the supportability and consistency factors. Id. § 404.1520c(b)(2). Supportability refers to how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), id. § 404.1520c(c)(1), while consistency refers to how "consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim," id. § 404.1520c(c)(2).

## B. Plaintiff's First Objection

Plaintiff's first objection asserts that the Magistrate Judge incorrectly found that the ALJ properly considered the opinion evidence of Dr. William McDaniel, M.D., in determining that Plaintiff was not disabled. Specifically, Dr. McDaniel completed a "Medical Evaluation Report" in October 2020, diagnosing Plaintiff with the following impairments: "Mood Disorder (bipolar type-depressed)" due to seizures, seizure disorder, pain in his right hand and shoulder, and cluster headaches. R. 3939. As a result of Plaintiff's prognosis, Dr. McDaniel indicated that Plaintiff had a combination of marked and extreme limitations with respect to understanding and memory, sustained concentration and persistence, social interaction, and adaption. R. 3939-40. However, the ALJ deemed Dr. McDaniel's 2020 opinion unpersuasive, reasoning that his "assessment [was]

an overestimate of the claimant's limitations and [was] not consistent with the generally normal mental status exam findings noted throughout the record." R. 28. In support of this conclusion, the ALJ cited multiple opposing opinions, which collectively suggested that Plaintiff otherwise had "normal mental status exam findings" and that "Plaintiff was able to perform his activities of daily life including personal care independently before his recent colon surgery." R. 28 (citing exhibits 5E, 8E, 3F, 14F, 18F, 19F, and 46F).

### i. The Parties' Arguments

When challenging this analysis on summary judgment, Plaintiff asserted that the ALJ's improper evaluation did "not satisfy the requirements of the prevailing rules and regulations." ECF No. 16, at 10. The Magistrate Judge rejected Plaintiff's argument, however, concluding that the ALJ properly considered Dr. McDaniel's mental evaluation. ECF No. 21, at 25-31. The Magistrate Judge explained that: (1) the ALJ appropriately cited to relevant record evidence, which he had previously discussed in his analysis, when explaining why Dr. McDaniel's opinions were unpersuasive; (2) the ALJ addressed the supportability of Dr. McDaniel's opinion by noting, among other things, that Dr. McDaniel attributed Plaintiff with "relatively normal" mental health findings on other occasions; and (3) "[a]lthough Plaintiff relies on subjective complaints and self-

7

reporting" in support of Dr. McDaniel's findings, "the objective findings of [other] mental health professionals . . . consistently found plaintiff's mental status to be normal." Id. at 27-30.

In his objection to the R&R, Plaintiff now alleges that the ALJ insufficiently explained why Dr. McDaniel's opinion was unpersuasive, and instead "only performed a cursory analysis of [Dr. McDaniel's] opinion." ECF No. 22, at 1.  While Plaintiff "does not contend that the ALJ was required to re-summarize the same evidence of record at each step of the sequential evaluation process," he nonetheless asserts that "a vague reference to a general summarization of Plaintiff's medical history made earlier in the [] decision" is not enough.  Id. at 3.

## ii. Analysis

Notwithstanding Plaintiff's arguments to the contrary, the ALJ properly considered Dr. McDaniel's December 2020 medical assessment.  It bears repeating that the SSA regulations provide that an ALJ must not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the agency's] medical sources."   20 C.F.R. § 404.1520c(a). Furthermore, ALJs are "not required to articulate how [they] considered each medical opinion or prior administrative medical finding from one medical source individually,"   20 C.F.R.

8

§ 404.1520c(b)(1), however, they "have the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)).

Here, the ALJ fulfilled his obligations. In the written decision, the ALJ properly analyzed the medical evidence relevant to Plaintiff's claims. In fact, before delving into the persuasiveness of Plaintiff's medical sources, the ALJ first recounted Plaintiff's impairments as indicated in the record, and listed the alleged "intensity persistence, and limiting effects of [his] symptoms to determine the extent to which they limit [his] work-related activities." R. 20-27. After providing this roughly seven-page summary, the ALJ acknowledged that he may not give specific evidentiary weight to any one medical opinion and provided detailed accounts of the reasons why he found the opinion evidence of several of Plaintiff's evaluators either persuasive or unpersuasive, including Dr. McDaniel's medical statement. Id. at 27. Although the ALJ may not have written at length regarding his view on all of the offered medical sources, Plaintiff fails to demonstrate that applicable law requires ALJs to individually explain their consideration of all

materials found in "voluminous case records." 20 C.F.R. § 404.1520c.

As it pertains to the ALJ's written discussion of Dr. McDaniel's 2020 opinion specifically, the ALJ's decision squarely addresses the supportability, consistency, and persuasiveness of Dr. McDaniel's findings. With regard to supportability, the ALJ determined, among other things, that despite "[t]reatment records [which] note feelings of grief and worry regarding finances," Dr. McDaniel's notes "do not show claimant had any significant limitations in his ability to function." R. 28. The ALJ further concluded that the 2020 assessment was "not consistent with or supported by" Plaintiff's medical record. Id. In support of this conclusion, the ALJ cited to "inconsistent" evidence, including Dr. McDaniel's prior notes, which often described Plaintiff as "pleasant," "alert," "cooperative," and "oriented" with "unimpaired insight and judgment." Id. at 23-24. As for consistency, the ALJ individually assessed each "functional area," explaining why additional evidence in the record contradicts Dr. McDaniel's finding of various marked and extreme limitations. Finally, with respect to persuasiveness, the ALJ ultimately found Dr. McDaniel's "Medical Evaluation Report" unpersuasive as inconsistent with or unsupported by the evidence of the record. Id. at 28.

To the extent Plaintiff argues that the ALJ was required to provide a more detailed explanation for finding Dr. McDaniel's 2020 opinion unpersuasive, Plaintiff's argument lacks merit. The ALJ's analysis of Dr. McDaniel's statements immediately followed the ALJ's earlier discussion of Plaintiff's medical history. <u>Id.</u> at 20-26.   In that earlier discussion, the ALJ thoroughly summarized the findings provided in each of the cited "inconsistent" records the ALJ referenced in concluding that Dr. McDaniel's opinion was unpersuasive. <u>Id.</u> at 21-23.   Reading these parts of the decision collectively reveals that the ALJ sufficiently explained and supported his conclusion that Dr. McDaniel's 2020 opinion was inconsistent with multiple contradictory medical sources, and therefore, unpersuasive. As the Magistrate Judge correctly explained, an "ALJ need not repeat pertinent findings multiple times throughout a ruling for the purpose of supporting individual conclusions." ECF No. 21, at 21 (citing <u>McCartney v. Apfel</u>, 28 F. App'x 277, 279 (4th Cir. 2002) (per curiam); <u>Kiernan v. Astrue</u>, No. 3:12cv459, 2013 WL 2323125, at *5 (E.D. Va. May 28, 2013)).

With regard to the Magistrate Judge's reliance on <u>McCartney</u> and <u>Kiernan</u>, Plaintiff argues that those cases are "distinguishable from the present matter" since they concerned objections to "step three" of the five-step analysis, rather than objections to the ALJ's obligation to analyze the "persuasiveness

of an opinion" in step four.    ECF No. 22, at 2.    Accordingly,

Plaintiff argues that McCartney and Kiernan are not applicable

here.    The Court disagrees.    While it is true that the plaintiffs

in McCartney and Kiernan challenged each respective ALJ's

analysis at step three of the five-step evaluation, the reasoning

in those opinions applies with equal force to the RFC assessment

Plaintiff challenges here.    Notably, in McCartney, the Fourth

Circuit expressly affirmed the district court's ruling that an

"ALJ need only review medical evidence once in his decision."

McCartney, 28 F. App'x, at 279.    Similarly, although the district

court in Kiernan held that "there is no requirement that [the

ALJ] rehash [his prior] discussion [of the claimant's medical

evidence] in his Step 3 analysis," 2013 WL 2323125, at *5

(emphasis added), the holding's supporting logic — i.e., that an

ALJ's discussion at one step can bolster the analysis at another

— applies readily here.

        Furthermore, the Court finds that while each step of an

ALJ's decision must comply with the applicable regulations set

forth in 20 C.F.R. § 404.1520, an ALJ's decision must be read in

its entirety.    See Smith v. Astrue, 457 F. App'x 326, 328 (4th

Cir. 2011) (per curiam) ("Reading the ALJ's decision as a whole,

substantial evidence supports the [ALJ's] finding at step three

. . . [in light of] the ALJ's analysis at subsequent steps[.]"

(emphasis added)).    Thus, where appropriate, an ALJ may reference

earlier discussions of record evidence, instead of repeating himself, as long as a reviewing court, when considering the decision as a whole, can properly conclude that the ALJ's findings are supported by substantial evidence.

The cases Plaintiff cites in his objection do not suggest otherwise. Notably, Plaintiff cites Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377 (4th Cir. 2021) in support of the proposition that an ALJ's analysis of opinion evidence must discuss all of the regulatory factors provided in 20 C.F.R. § 404.1520c. However, in Dowling, the Fourth Circuit analyzed an ALJ's assessment of a treating physician's opinion under a now-superseded regulation governing medical opinion evidence. 986 F.3d 377, 384 n.8 (4th Cir. 2021); see also § 404.1527(c). As the Dowling court noted, that standard has been replaced by 20 C.F.R. § 404.1520c for claims, like Plaintiff's, that were filed after March 27, 2017.  Id.  Under the old standard (§ 404.1527(c)), a treating physician's opinion was entitled to "controlling weight" as long as it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with the other substantial evidence in [the claimant's] case record."  20 C.F.R. § 404.1527(c).  If an ALJ determined that such an opinion was not entitled to controlling weight, she was required to analyze six regulatory factors to determine how much weight to give the

opinion.  Id.  Under the current standard, however, no such "treating physician rule" exists, and although an ALJ is still required to consider all of the regulatory factors, an ALJ need only articulate two of the factors (supportability and consistency), as discussed above.  20 C.F.R. § 404.1520c(b)(2). In this case, the Court evaluates whether the ALJ satisfied the obligations under the revised regulations provided in § 404.1520c, and therefore, the Fourth Circuit's holding in Dowling has no applicability here.

The other two decisions Plaintiff cites similarly do not alter the Court's decision, as they are factually distinguishable from the instant matter.  Notably, in Jaworski R. v. Kijakazi, the ALJ found a physician's opinion unpersuasive after offering only the limited explanation that: (1) the physician's opinion was not supported by "the medical evidence as a whole" and (2) the physician supported "her opinion with findings from a single examination of the claimant."  No. 3:20cv797, 2022 WL 203749, at *7 (E.D. Va. Jan. 6, 2022), report and recommendation adopted, No. 3:20cv797, 2022 WL 200364 (E.D. Va. Jan. 21, 2022). Similarly, in Paul B. v. Kijakazi, the ALJ failed to address the supportability factor in analyzing the persuasiveness of a physician's opinion and provided no explanation as to why the physician's opinion was inconsistent with other evidence in the record.  No. 6:20cv78, 2022 WL 989242, at *4 (W.D. Va. Mar. 31,

2022).  Without a more detailed explanation, the district court in those cases was left to "reverse-engineer" the ALJ's reasoning for finding the physician's opinion inconsistent and unpersuasive.  Unlike in Jaworski and Paul B., here, the Court need not engage in any reverse-engineering because the ALJ clearly articulated why he concluded Dr. McDaniel's opinion was not consistent with Plaintiff's medical record, and in doing so, the ALJ appropriately referenced (rather than repeating) his earlier analysis of specific record evidence.  R. 20-26.

For the reasons stated above, Plaintiff's first objection is overruled with the Magistrate Judge concluding that the "ALJ identified sufficient grounds for finding Dr. McDaniel's opinions unpersuasive" and "relied on other, more probative record evidence" when denying Plaintiff's disability claim.  ECF No. 21, at 31.

### C. Plaintiff's Second Objection

#### i. The Parties' Arguments

Plaintiff's second objection asserts that the Magistrate Judge improperly concluded that "the ALJ committed no error in failing to order a consultative examination."  ECF No. 22, at 3. Plaintiff made a similar argument on summary judgement to which the Magistrate Judge, in the R&R, found that "the record contained ample evidence to enable the ALJ to assess disability

and no need existed to seek a CE." ECF No. 21, at 34. The Magistrate Judge further explained that the "ALJ evaluated plaintiff's many treatment records noting hospital visits . . . his surgery and postoperative complications, his subsequent recovery, and plaintiff's testimony about his improvement and continuing limitations after surgery." ECF No. 21, at 35. Moreover, the Magistrate Judge noted that: (1) Plaintiff's counsel previously stated that "there was no outstanding evidence that would impede a full and fair hearing" before the ALJ; and (2) Plaintiff did not request a consultative examination. ECF No. 21, at 37.

In support of his current objection, Plaintiff contends that the ALJ had the "duty to ensure that the record is adequately developed to provide a sound basis for the disability determination." Id. at 3-4. To perform such duty, Plaintiff argues that the ALJ was required to "explore all relevant facts . . . and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." Id. at 4. In opposition, Defendant asserts that the "Magistrate Judge found that the medical record before the ALJ . . . contained sufficient information for the ALJ to assess Plaintiff's RFC, and no need existed to seek a consultative examination." ECF No. 23, at 4.

16

## ii. Analysis

Before making a determination of the claimant's RFC, it is the ALJ's responsibility to "develop [a claimant's] complete medical history." 20 C.F.R. § 404.1512(b). Such duty "applies whether or not the claimant is represented, although when the claimant is not represented the duty is heightened." Eva L. v. Saul, No. 1:20cv0162, 2020 WL 5648324, *18 (E.D. Va. Sept. 22, 2020) (citing Crider v. Harris, 624 F.2d 15, 17 (4th Cir. 1980)). Notably, where the evidence in the record is "incomplete," "inconsistent," or "insufficient," an ALJ may seek additional evidence by recontacting a medical source or ordering a consultative examination, for example. 20 C.F.R. §§ 404.1512(b)(2); 404.1520b(b) (emphasis added). To determine "whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence" to make a disability determination. Rose M. C. v. Comm'r of Soc. Sec., No. 2:21cv413, 2022 WL 2951462, at *10 (E.D. Va. June 29, 2022), report and recommendation adopted, No. 2:21cv413, 2022 WL 2919269 (E.D. Va. July 22, 2022) (citations omitted). Still, even though "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, [he] is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." Bell v. Chater, 57 F.3d 1065, *4

17

(4th Cir. 1995) (internal citations omitted) (cleaned up). Furthermore, while the ALJ is required to reasonably develop and assess the record, the burden remains on a claimant to prove that he is disabled, and to provide all known evidence to the agency. 20 C.F.R. § 404.1512(a)(1).

Here, the record is over 4,000 pages long and contains hundreds of medical records concerning Plaintiff's conditions dating from January 2019 through July 2021. As the Magistrate Judge explained in greater detail, the ALJ assessed Plaintiff's disability claim after reviewing, among other things, a combination of treatment notes from a number of treating physicians, hospitalization records from multiple institutions, physical and mental examination findings, "function reports," "care coordination records," ALJ hearing testimony, and Plaintiff's written requests to the Department of Veterans Affairs for home health assistance. ECF No. 21, at 35. Many of these records provided detailed explanations and findings of Plaintiff's impairments, his resulting symptoms, his recovery, and his physical and mental abilities. Accordingly, similar to the Magistrate Judge's holding, this Court finds that there was sufficient evidence in the record by which the ALJ could render a measured disability determination.

In further support of the Court's finding, the Court notes that Plaintiff was represented by counsel at all relevant times.

Most importantly, Plaintiff was represented by counsel at his hearing before the ALJ, where Plaintiff's counsel stated that there "was no outstanding evidence that would impede a full and a fair hearing." R. 42. When a claimant is represented at the administrative proceeding, the "[ALJ] is entitled to presume that a claimant represented by counsel in the administrative hearings has made his best case." Sears v. Bowen, 840 F.2d 394, 402 (7th Cir. 1988). Therefore, considering counsel's representations to the ALJ, the Court finds that the ALJ had a basis to presume that the administrative record was fully developed and that there were no outstanding materials necessary for his determination of Plaintiff's RFC. On this issue, the Court also notes that the ALJ left the record open for an additional 45 days after the hearing for additional evidentiary submissions; however, the ALJ did not receive any submissions. R. 15. For all of these reasons, the Court finds that the ALJ appropriately fulfilled his duty to reasonably develop the record, and Plaintiff's second objection is therefore overruled.

## IV. Conclusion

For the reasons set forth above, the R&R is hereby **ADOPTED**, Plaintiff's motion for summary judgment is **DENIED**, ECF No. 13, and the Commissioner's motion for summary judgment is **GRANTED**, ECF No. 16.

The Clerk is requested to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 29 , 2023